

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-73,371-02 & WR-73,371-03

### EX PARTE WAINER RENTERIA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. 1047515-A & 1047515-B IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.* NEWELL, J., concurred.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to 25 years' imprisonment. The First Court of Appeals affirmed his conviction. *Renteria v. State,* No. 01-06-00677-CR (Tex. App.–Houston[1st], Oct. 18, 2007). Applicant filed these applications for writ of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

These applications were file-stamped in Harris County on March 26 and Aug. 17, 2009. An order designating issues was signed by the trial judge on April 20, 2009. The district clerk sent a copy of the ODI to appellate counsel on April 22, 2009. These applications were not received by this Court until Aug. 24 and Sept. 13, 2022. There is no indication in the record of any action by the

trial court after the ODI was signed. Nor is there any indication as to why these applications were pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that his plea was involuntary because trial counsel was ineffective. He alleges, among other things, that counsel was ineffective for informing him that he was a good candidate for probation and encouraging him to plead guilty to the judge, when the offense of conviction was ineligible for judge-ordered probation. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart,* 474 U.S. 52 (1985); *Ex parte Argent,* 393 S.W.3d 781 (Tex. Crim. App. 2013). Applicant further contends that he was denied his right to file a PDR because appellate counsel did not timely inform him that his conviction had been affirmed and that he could file a *pro se* PDR. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005).

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall order trial counsel to respond to Applicant's claim of involuntary plea due to ineffective assistance of

counsel. According to the State Bar, appellate counsel is deceased. The trial court shall determine whether appellate counsel's file, prison mail logs, and the appellate court's records, are available for inspection. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d), including the court's personal recollection. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary and whether he was denied the right to file a *pro se* PDR. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The court may supplement the record with prison logs and the appellate court's records and appellate counsel's records, if available. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 7, 2022
Do not publish